**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 96-4745**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT OSCAR RANDOLPH,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap. Glen M. Williams, Senior District Judge. (CR-96-6-B)

———————

Submitted:  October 7, 1997          Decided:  December 2, 1997

———————

Before WIDENER, HAMILTON, and MOTZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Gregory M. Stewart, STEWART LAW OFFICES, P.C., Norton, Virginia, for Appellant. Robert P. Crouch, Jr., United States Attorney, Rick A. Mountcastle, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Robert Oscar Randolph appeals from his conviction and sentence for possession of a firearm following a felony conviction in violation of 18 U.S.C. § 922(g) (1994). Specifically, Randolph contends that the district court erred in denying his request for a reduction under U.S. Sentencing Guidelines Manual § 3E1.1 (1995), for acceptance of responsibility where he admitted to possession of the firearm but denied firing it, running from the police, throwing the gun away during the police chase, and threatening his wife and her family if she testified against him. The district court found Randolph's denials of these actions to be unbelievable, and for that reason not an acceptance of responsibility sufficient to justify denial of a USSG § 3E1.1 reduction. Our review reveals that this decision was not clearly erroneous. See United States v. Myers, 66 F.3d 1364, 1372 (4th Cir. 1995) (holding that sentencing court may look beyond facts that constitute conviction even if factors are insufficiently relevant to increase sentence). We further note that Randolph received an enhancement under USSG § 3C1.1, rendering a § 3E1.1 reduction generally inappropriate. See USSG § 3E1.1, comment. (n.4). Accordingly, we affirm Randolph's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2